MATTER OF F——

Application to Preserve Residence

A-8725696

*Decided by District Director January 26, 1960*

*Approved by Assistant Commissioner March 7, 1960*

**Residence for naturalization—Clergyman sent abroad by private corporation eligible for section 317 benefits.**

An ordained rabbi may qualify for the benefits of section 317 of the Immigration and Nationality Act to cover his absence from the United States while teaching at a rabbinical seminary even though he was sent abroad by, and receives compensation from, a private corporation which is not a religious organization.

## BEFORE THE DISTRICT DIRECTOR

**Discussion:** The applicant submitted an application on Form N-470 dated July 29, 1959, requesting the benefits of section 317 of the Immigration and Nationality Act, 8 U.S.C. 1428, to cover his absence from the United States from July 12, 1955, to July 19, 1956, alleging that he is a duly ordained rabbi and that during that period he was employed by Heichal Hatalmud, a New York organization, to lecture in the Heichal Hatalmud Seminary in Israel.

The records of this Service show that the applicant was lawfully admitted to the United States for permanent residence on August 18, 1954, under section 245 of the Immigration and Nationality Act, 8 U.S.C. 1255.

The evidence of record establishes that the applicant is a rabbi and the employer organization is a New York membership corporation established to raise funds in the United States for the support of a rabbinical seminary, known as Heichal Hatalmud, located at Tel Aviv, Israel. It was at this rabbinical seminary that the applicant lectured to rabbinical students during his absence from the United States from July 12, 1955, to July 19, 1956.

The question involved is whether the statute requires that a minister or priest be employed by a religious organization in order to qualify for the benefits of section 317.

The record shows that subject was employed by a corporation engaged solely in raising funds in the United States to support a rabbinical seminary in Israel. Such fund raising, although for a

religious purpose, does not make the corporation a religious organization. Subject cannot, therefore, be considered as having been engaged by a religious organization for the purposes of section 317. This conclusion does not, however, disqualify him from the benefits of section 317.

The statute contemplates two categories of persons eligible for its benefits, namely, ministers and priests on the one hand, and missionaries, brothers, sisters and nuns on the other. The qualifying conditions differ as to each category. Those in the second category are persons who are engaged by a religious denomination or mission organization to serve abroad in their respective capacities. This prerequisite has no applicability to the first class. All that is required of the minister or priest is that he be a person authorized to perform ministerial or priestly functions of a religious denomination, and that he be abroad for that very purpose. Common to both categories is the requirement that the denomination or organization have a *bona fide* organization within the United States.

Subject is an ordained rabbi. As such, he is authorized to perform the ministerial functions of the Jewish religion. No proof is required to recognize that the Jewish religion has a *bona fide* organization within the United States. Likewise, no proof is required that the teaching of religion to rabbinical students is inherent in the ministerial functions of the religious denomination. The subject, therefore, meets the requirements of section 317. The fact that he was sent abroad by a private corporation which is not a religious organization and that he receives his compensation from such corporation is not material.

**Order:** It is ordered that J——F—— be granted the benefits of section 317 of the Immigration and Nationality Act to cover his absence from the United States from July 12, 1955, to July 19, 1956.